## KIRSCHNER v KELLER

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6089. Decided Feb. 16, 1942.

Young & Kondritzer, for appellant.

Daniel C. Handley, Jr., Cincinnati, for appellee.

## OPINION

BY THE COURT:

In this case the plaintiff seeks to recover damages for personal injuries or

physical pain inflicted upon him through the negligence or malpractice of the defendant, who is a chiropractor.

. The trial court instructed the jury to return a verdict for the defendant at the close of the plaintiff's evidence and entered judgment on that verdict after overruling a motion for a new trial.

The plaintiff had been afflicted with epilepsy for twenty or more years. It was a type the cause of which was unknown and there is no known cure. The use of phenobarbital, however, reduces the frequency and perhaps the intensity of the convulsions. The plaintiff had used this drug for many years and knew its effect and the effect of the discontinuance of its use. He was evidently dissatisfied with this palliative and was seeking a cure. In this quest, he went to a non-resident chiropractor, who referred him to the defendant.

In going to the chiropractor, he did so, manifestly, for chiropractic treatment. He received that treatment from the defendant. The defendant manipulated his spinal column, and there is no claim that such manipulation resulted in any harmful effects. It is asserted, however, that the discontinuance of the use of phenobarbital resulted in the convulsions being more frequent and more intense, and that the discontinuance of the drug was on the direction of the defendant.

But the plaintiff knew when he went to the defendant that his profession did not believe in the curative qualities of drugs and relied solely on manipulation to accomplish beneficial results. He so testified.

As soon as the taking of the drugs was resumed it was found that his prior condition was restored and apparently improved over what it had been before submitting himself to the treatment administered by the defendant.

. It seems to us that the plaintiff submitted to the discontinuance of the use of phenobarbital voluntarily with full knowledge of the consequences in the hope that the chiropractic treatment would effect a cure. The familiar

principle of the common law—volenti non fit injuria—prevents a recovery for the added suffering resulting from the discontinuance of the drug.

It is not claimed—and there is no testimony—that defendant guaranteed a cure, and as there is no evidence that any harm resulted from the treatment, plaintiff has no cause of action.

The judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.